Date signed December 10, 2008



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| CHESAPEAKE CONTRACTORS, INC. | * | Case No. | 07-20678DK |
| | * | Chapter | 7 |
| | * | | |
| Debtor | * | | |
| ************************************ | * | | |
| FIRST NIAGARA LEASING, INC. | * | | |
| C/O SCHILLER & KNAPP, LLP | * | | |
| | * | | |
| Movant | * | | |
| vs. | * | | |
| CHESAPEAKE CONTRACTORS, INC. | * | | |
| AND | * | | |
| MONIQUE D. ALMY, TRUSTEE | * | | |
| Respondents | * | | |

### MEMORANDUM OPINION

On July 18, 2008, First Niagara Leasing, Inc. ("Movant") filed a Motion for Relief from the Automatic Stay in this bankruptcy case. The Peoples Bank ("Peoples Bank"), one of the Debtor's creditors, filed an opposition and a Motion to Dismiss Or Strike The Motion For Relief From Stay. The Movant responded to People's Bank opposition and motion, and the court conducted a hearing upon the aforementioned filings on August 13, 2008. At the conclusion of the hearing, the court announced its findings and conclusions but informed the parties that the court intended to reduce those findings and conclusions to a written opinion.

In the Motion for Relief from Stay now before this court, the Movant requests that the court enter an Order terminating the automatic stay so that the Movant may exercise alleged lien rights as to a hydraulic excavator, including but not limited to, repossession of the collateral.  Peoples Bank opposes because the motion is duplicative of a prior motion for relief from stay filed by the Movant on April 10, 2008 (Dkt. no. 128),[1] which was denied by this court.[2]  Peoples Bank asserts that the Movant is precluded from relitigating issues decided by the court in denying the First Motion.

Movant asserted in the First Motion that the Debtor had executed an Equipment Finance Agreement for a 1999 Kobelco Hydraulic Excavator, Model No. ED180, Serial No. YLU0024 (the "Excavator").  The First Motion sought from the court an order terminating the automatic stay so that the Movant could exercise legal rights as to the Excavator, including but not limited to, "foreclosure" against the property under the agreement.  The First Motion was accompanied by the required Notice of Hearing pursuant to Local Bankruptcy Rule 4001-1 and a six page document bearing the title, "Equipment Finance Agreement."

On April 29, 2008, a response to the First Motion was filed by Peoples Bank.[3]  The response asserted that Peoples Bank is also a creditor holding an interest in the Excavator.  Peoples Bank further contended that the court should deny the First Motion because it failed to contain the necessary elements to support the requested relief including: (1) failure to demonstrate an enforceable security interest under Section 9-203 of the Commercial Law Article of the Maryland Code; and (2) failure to include any allegation of ownership or any allegation of a security interest in the Excavator.

---

[1] Hereinafter, referred to as the "First Motion."

[2] Order Denying Motion For Relief From Stay, entered June 20, 2008.

[3] Objection on behalf of The Peoples Bank, filed April 29, 2008.

2

On June 12, 2008, Movant filed a Response to the objection[4], which averred, *inter alia*, that the Debtor had executed and delivered to Liberty Financial Group, Inc., an Equipment Finance Agreement secured by the Excavator. Liberty Financial Group, Inc. assigned that Equipment Finance Agreement to Movant, and Movant further argued that it perfected its security interest in the Excavator by filing a UCC Financing Statement. These allegations referred to Exhibit "A" and Exhibit "B" attached to the Response. Exhibit A attached to the Response is identical to the document attached to the First Motion as Exhibit A. Exhibit B attached to the Response is a two page document entitled UCC Approval Sheet bearing a Recordation Stamp in the Financing Records of the Maryland State Department of Assessments and Taxation.

A hearing upon the First Motion was held on June 16, 2008, and the transcript of that hearing has been docketed.[5] There the following colloquy ensued between the court, the Movant's counsel, and Peoples Bank's counsel:

> THE COURT: What is the position of Peoples Bank concerning the relative priorities of the positions as secured creditors by and between as to Peoples Bank versus First Niagara?
> MR. SWANSON: First Niagara doesn't have a security interest with the Debtor, Your Honor.
> . . . .
> MR. SWANSON: And that's based on the documents that they have provided to this court not once, but twice. And I'm referring, I believe, to their main exhibit, which is the equity financing agreement under which there is no indication that any security agreement was either granted, given, or even referenced in that -- in that context.
> . . . .
> THE COURT: Well, one of the requirements for a motion for relief from stay where the Movant is seeking to grant relief from stay to take action against collateral is some prima facie showing of a security interest in the collateral that would support any such action.
>      So, what I'm going to do is permit, at this point, First Niagara, through counsel, to seek to introduce any documents. Just because they're attached to a

---

[4] Response To Peoples Bank of Kent County's Objection To First Niagara Leasing, Inc.'s Motion For Relief From Automatic Stay, filed June 12, 2008.

[5] Hearing Transcript, filed August 4, 2008 (hereinafter referred to as "First Hrg. Tr.").

motion or a response doesn't make them evidence at this point.
. . . .
      So, Ms. Dyson?
MS. DYSON: The exhibit I have right now is the certified copy of the UCC financing statement. The original note is still being located. And I believe -- what I've been told by my client is that it is being located and they are hopefully receiving it soon. So, if the Court is requesting a copy of the original note as well, I would ask that this hearing be continued for that to be obtained.
MS. DYSON: The original executed agreement I do not have today.
THE COURT: Well, there -- there was attached, in PDF form, a scanned image, as Attachment 1 to the response of First Niagara Leasing, a document which is entitled "Equipment Finance Agreement."
MS. DYSON: Right.
THE COURT: Is that the document you're speaking about?
MS. DYSON: Yes, Your Honor.
. . . .
THE COURT: Is there some reason why I should grant a continuance if the document is available?
. . . .
MS. DYSON: Well, Your Honor, I don't know -- I'm not sure if Peoples Bank is challenging the -- that the loan was made. . . .
THE COURT: All of the documents that you would aver support the allegation that your client holds a security interest, are these the documents attached as Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4 to the response?
MS. DYSON: Yes, Your Honor, except that Exhibit 4 was what went to the valuation of the property of the equipment, since we did not know.
THE COURT: All right. Now, are there any other documents that your client is asserting provides some security interest in this equipment?
MS. DYSON: That I know of now? No.
THE COURT: Well, this is the hearing.
MS. DYSON: No. There's no other document that –
THE COURT: All right. Mr. Swanson, do you object to any one of those documents that were attached to the response being allowed into evidence?
MR. SWANSON: No, Your Honor.
THE COURT: Okay. But it's your assertion, as I understand it, that taken together, none of these contain all the requisites of a security agreement under the Uniform Commercial Code as enacted in Maryland?
MR. SWANSON: That is correct, Your Honor.
THE COURT: Okay. So, at this point, the Court is going to allow into evidence the documents attached as Exhibits 1, 2, 3, and 4 to the response filed on behalf of First Niagara Leasing, Inc., which response was filed on June 12th, 2008. And they will simply repose, in their electronic form, where they are presently on the CMECF.
. . . .
THE COURT: I don't see where these create a security interest. . . .

First Hrg. Tr. at pp. 4-12 (with omissions).

4

After hearing arguments by counsel for both Movant and Peoples Bank, the court made the following finding:

> . . . [T]he court denies the motion for relief from stay, finding as a fact, that First Niagara Leasing, Inc. does not hold a security interest in the subject Kobelco Hydraulic Excavator, and therefore, has no interest in property upon which it could execute if the automatic stay were terminated.
> Consequently, the automatic stay will not be terminated, for those reasons.

First Hrg. Tr. at p.14. This ruling was based upon the court's expressed finding that the documents introduced into evidence by Movant did not contain language which granted a security interest.

An Order denying the First Motion for the reasons set forth on the record was entered on June 20, 2008. No motion to alter, amend, or rehear that Order has subsequently been filed and no notice of appeal of that Order was filed. The period of time within which such motion or notice of appeal could permissibly be filed has expired.[6]

Instead, on July 18, 2008, Movant filed the Motion for Relief from Stay now before the court (the "Second Motion"). The factual averments set forth in the Second Motion are almost identical to those contained in the First Motion. The prayer for relief in the Second Motion asks this court to terminate the automatic stay so that Movant may exercise its legal rights under applicable law as to the Excavator, including but not limited to repossession. Using almost identical language in the same enumerated paragraph as the First Motion, Movant asserts that a copy of the Equipment Financing Agreement is attached as Exhibit A thereto and incorporated therein.[7] However, the document attached to the Second Motion is different than that which had been attached to the First Motion. An additional page of the document entitled Equipment Finance

---

[6] *See* Fed. R. Civ. P. 59, incorporated into bankruptcy by Fed. R. Bankr. P. 9023, and Fed. R. Bankr. P. 8002, respectively.

[7] The only variance in language is that in the Second Motion the words "certified true" are inserted before the words "copy of the Equipment Finance Agreement . . . ."

5

Agreement is contained in the attachment to the Second Motion which page was not part of the attachment to the First Motion or Exhibit A[8].

At the hearing upon the Second Motion held on July 18, 2008, Peoples Bank argued that the motion should be dismissed, or denied as precluded by the Court's Order entered denying the First Motion. In response, Movant asserted:

> Here we are showing that there is a security interest. We don't feel that it's duplicative of filing another motion for relief, nor do we feel like we should have filed a motion to reconsider because at the point at that time, there was nothing to reconsider. We did not provide the evidence necessary to meet the burden of proof.

Second Hearing Transcript, filed August 19, 2008, at p.4.

The court determines that the Second Motion must be denied under the doctrines of res judicata, law of the case, and finality of judgment.

As to res judicata, the doctrine bars relitigation of a final judgment where issues "were or could have been raised." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata is a fundamental principle of law that has remained unchanged since the Supreme Court discussed the concept in *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 (1897). The Court has consistently held that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies. . ." *Id.* "A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927).

Res judicata encompasses the doctrines of claim preclusion and issue preclusion. *Taylor v.*

---

[8] Movant's Exh. 1, hearing held June 16, 2008. Other additional pages including an auctioneer transaction addendum are also attached for the first time as part of Exhibit A to the Second Motion.

*Stongell,* 128 S. Ct. 2161, 2171 (2008). Claim preclusion forecloses the relitigation of the same claim that was decided by an earlier final judgment. *Id*. at 2171. Issue preclusion bars successive litigation of an issue of fact or law that the court decided and was essential to the judgment. *Id*. In this case, both claim and issue preclusion bar this court from reviewing whether the Movant had a security interest in the Excavator.

A motion for relief from stay by the same creditor and as to the same collateral may be, but is not always, precluded by the entry of a prior order deciding a previous motion seeking the identical relief. An order that fully and finally decides the matter set forth in a motion for relief from stay, such as an order after a final hearing which order denies all relief from the automatic stay, is a final order for purposes of the application of the doctrine of res judicata as to a subsequent motion brought upon the same transactional facts and legal issues. However, such a final order denying a motion for relief from stay is not res judicata to a subsequent motion by the same creditor seeking further relief from the automatic stay based upon subsequently occurring transactional facts. For example, assume a creditor moves for relief from stay asserting a security interest in a motor vehicle and alleging that because post-petition installment payments due under the finance agreement are not being made, there is a lack of adequate protection. In this hypothetical also assume the court denies that motion, finding that the payments had in fact been made and consequently the creditor had adequate protection. Suppose months later the debtor in fact becomes delinquent on payments and the value of the collateral is diminishing.

The order denying the original motion for relief from stay remains a final order. However, it would not be res judicata to the bringing of a subsequent motion for relief from stay asserting that the debtor has more recently failed to make payments and that a consequent failure of adequate protection had occurred. While both motions pertain to the same alleged financing arrangement and collateralization, and both motions sought the same relief, *i.e.* termination of the automatic stay as

to the interests of the lender in collateral, the basis of two respective motions are significantly different. The facts asserted in the subsequent motion could not have been asserted in the prior motion. Under such circumstances, this court would hold that the subsequent motion for relief from stay is not barred by the doctrine of res judicata, law of the case, or finality of judgment. *See In re Sun Valley Ranches, Inc.*, 43 B.R. 641, 642 (Bankr. D. Idaho 1984).

In the case now before this court, the Second Motion is brought upon the identical averments of fact asserted in the First Motion. "[A] question, or fact distinctly put in issue and directly determined by a court . . . cannot be disputed in a subsequent suit between the same parties." 47 Am. Jur. 2d Judgments, § 464, p.21. The doctrine of claim preclusion bars a party from relitigating an issue that the party could have raised in a prior proceeding. *Clark v. Cowlitz Joint Operating Agency v. F.E.R.C.*, 826 F.2d 1074, 1079 (D.C. Cir. 1987). Here, Movant had the opportunity to prove the existence of a security interest but failed to capitalize on the opportunity.

In addition, the findings of the court as to the fact that Movant holds no security interest in the collateral cannot be changed and is binding. Under the doctrine of "law of the case," after a finding that the Movant lacked a security interest, the court is precluded from reconsidering the exact same issue again. "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal Resources,* 865 F.2d 761, 766 (6th Cir. 1989). The earlier decision of the court "should continue to govern the same issues in subsequent stages in the same case." *Baron Financial Corp. v. Natanzon*, 509 F. Supp. 2d 501, 520 (D. Md. 2007). "This rule of practice promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988).

Finally, and in the alternative, the doctrine of finality of judgment must preclude the re-litigation of this virtually identical motion where a final order has fully determined it. In the

argument before the court at the hearing on the Second Motion, Movant's counsel stated that the client had not provided to counsel the missing page of the Exhibit A now attached to the Second Motion, at the time of the hearing on the First Motion.  Whether this assertion was advanced to support an unspoken motion under Fed. R. of Civ. P. 60(b)(2), incorporated by Fed. R. Bankr. P. 9024, seeking relief from a final judgment or, as an assertion of a basis as to why the matter could be retried, the attempt by Movant to retry the issue adding additional evidence not provided at the prior trial must be denied.

Under the doctrine of finality of judgment, a party is not entitled to try and then retry the same dispute simply because at the first trial insufficient evidence was introduced, or issues were ignored which now seem more attractive and persuasive to the point to be proven.  The party prevailing is entitled to rely upon the finality of a final order.  "The needs for stability and procedural efficiency, however, counsel that a persuasive justification should be required to support consideration of the new evidence.  Reconciliation of these competing forces calls for discretion." 18B Charles Alan Wright, *et al*., Fed. Prac. & Proc. Juris. 2d § 4478.6 (2008).

Nor is relief available to Movant under Fed. R. Civ. P. 60(b).  The court may amend or vacate a final order if there is (1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).  The evidence now sought to be introduced with the Second Motion is not "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[9]  No demonstration has been made by Movant that the missing page is either newly discovered, or not discoverable by Movant as the rule requires.  The only statement as to this being newly discovered evidence is contained in

---

[9] Fed. R. Civ. P. 60(b)(2).

Movant's Response to First People's Opposition to the Second Motion, which states:

> That Page two of the Equipment Financing Statement, which demonstrates the Security interest granted to the Movants, was not provided to counsel at the time the original Motion for Relief was filed April 10, 2008, nor in time for the June 16, 2008 hearing, thus counsel was unable to meet their burden of proof of showing that there was a security interest in the Excavator, and the Motion for Relief was denied.

Movant's Response, filed August 8, 2008, at 2. It simply appears that evidence that should and could have been introduced by Movant was not introduced. This is not newly discovered evidence that with reasonable diligence could not have been discovered.

In conclusion, the Movant had a full and complete opportunity to litigate the disputed issue. The dispute of the alleged security interest in the subject Excavator was raised by the initial opposition to the First Motion. It was the focus and point of evidence introduced by the Movant at the hearing upon the First Motion. But that evidence did not contain any evidence that would support the averment of the security interest. It was a necessary determination for the court to make in order to decide the First Motion that was before it. The First Motion sought relief from stay to permit the Movant to "foreclose" upon the Excavator, that is to repossess and sell that property as collateral over which it held a security interest. If there was no security interest held by Movant, relief from stay should and could not have been granted for that purpose.

When a dispute of the asserted material fact of a security interest was raised by an objecting party, it was incumbent upon the Movant to prove that there was a basis for the motion and remedy that was being sought. Movant failed in that proof as found by the court. It was that finding that constituted the necessary basis for the order that denied the First Motion. Movant simply cannot come now before the court and file a second motion asserting the same factual averments and basis, seeking the same remedy, in effect attempting to have a second trial to introduce additional evidence.

For these reasons, the motion for relief from stay will be denied as precluded for the reasons

10

set forth in this Memorandum Opinion, by a separate Order to be entered contemporaneous with this Opinion.

cc:     Debtor
        Debtor's Counsel
        Movant's Counsel
        Counsel for Peoples Bank
        Trustee
        U.S. Trustee
        All Other Parties-In-Interest

**End Of Opinion**